UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x



SANDRA BUTLER; RICKY GIBSON; O'BRIEN
MORRIS; RICHARD EMMETT; ROSELLE DIAZ;
KEVIN FAISON; SHANIQUA JACKSON; CENTER
FOR INDEPENDENCE OF THE DISABLED, NEW
YORK AND COALITION FOR THE HOMELESS

                    Plaintiffs, for
themselves and on behalf of all others similarly situated,

-against-

CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES and
STEVEN BANKS, as Commissioner of the New York
City Department of Homeless Services,

                    Defendants.

**STIPULATION AND ORDER OF CLASS CERTIFICATION**

15-CV-3783 (RWS) (JLC)



------------------------------------------------------------ x

**WHEREAS,** on August 3, 2016, plaintiffs filed an amended class action complaint, alleging that Defendants violated federal, state and city law by failing to address the needs of people with disabilities in its homeless shelter program pursuant to Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973, due process claims under the United States and New York State Constitutions, the New York State and City civil rights statutes and regulations, administrative directive 15-ADM-06 issued by the Office of Temporary and Disability Assistance, and the New York State Social Services Law and regulations;

**WHEREAS,** plaintiffs seek relief against the New York City Department of Homeless Services ("DHS") and New York City's Commissioner of the Department of Social Services,

Steven Banks, who in that role supervises DHS, which operates the City's municipal shelter system;

**WHEREAS**, homeless families and adults have a right to shelter in New York City;

**WHEREAS**, as of September 19, 2016, 59,698 homeless individuals were sheltered by the DHS shelter system, tens of thousands of whom are living with disabilities;

**WHEREAS** the parties agree that the proposed class meets the requirements for class certification under Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure and that the action would be most appropriately litigated as a class action; and

**WHEREAS** the parties further agree that, in order to resolve this litigation expeditiously and without needless motion practice, it is in the parties' joint interests to certify a plaintiff class, pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** BY AND BETWEEN THE UNDERSIGNED, THAT THIS ACTION SHOULD BE CERTIFIED AS A CLASS ACTION PURSUANT TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE, ON THE FOLLOWING TERMS:

1. A class is certified consisting of:

All individuals with a disability within the meaning of the Americans with Disabilities Act ("ADA"), who presently reside in the DHS Shelter System or who, since May 14, 2012, have sought or received, or, in the future will seek or receive, shelter or shelter-related services in the DHS Shelter System, whose disability may affect their ability to meaningfully access shelter or shelter-related services, and who are not otherwise covered under the Consent Decree and Judgment in United States of America v. City of New York, 15-cv-5986 (E.D.N.Y.)(RRM)(JO).

2. The proposed class meets the requirements for class certification under Rule 23(a) of the Federal Rules of Civil Procedure because: (1) the number of plaintiffs is so

numerous that joinder of all class members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the named plaintiffs are typical of those of the class; and (4) the named plaintiffs and their counsel will fairly and adequately protect the interests of the class.

3. As required by Rule 23(a)(1), the class is "so numerous that joinder of all members is impracticable." The parties agree that there are thousands of individuals who meet the class definition. Moreover, the class composition is highly fluid, and most of the class members are indigent.

4. As required by Rule 23(a)(2), there are numerous questions of law or fact common to the class. These questions include whether individuals with disabilities are being provided meaningful access to the DHS Shelter system, including the benefits of its programs, services, and activities, as per 28 CFR 35.130(b)(1); whether they are provided with an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others, as per 28 CFR 35.130(b)(1); whether they are limited in the enjoyment of any right, privilege, advantage or opportunity enjoyed by others receiving the aid, benefit, or service, as per 28 CFR 35.130(b)(1)(vii); whether DHS has provided signage at all inaccessible entrances to each of its facilities directing them to accessible entrances or to a location at which they can obtain information about accessible facilities, as per 28 CFR 35.163(b); whether DHS has fulfilled its obligations to remove architectural barriers to access in compliance with the ADA; and whether the sites and locations of DHS facilities have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination or have the purpose of or effect of defeating or substantially impairing the

accomplishment of the objectives of the program, service, or activity with respect to individuals with disabilities, as per 28 CFR 35.130(b)(4).

5. As required by Rule 23(a)(3), the named plaintiffs' claims are typical of the claims of the class. Each class member's claims arise from the same course of conduct and are based upon common legal arguments regarding defendants' liability, and all class members would benefit from the named plaintiffs' action. Like all class members, named plaintiffs are people who are or were living with disabilities in the New York City shelter system. If the named plaintiffs prevail in obtaining declaratory and injunctive relief, it is reasonable to believe that such relief will similarly benefit all class members.

6. As required by Rule 23(a)(4), the named plaintiffs fairly and adequately protect the interests of the plaintiff class in that: (1) class counsel at The Legal Aid Society and White & Case LLP are qualified, experienced, and capable of protecting and advancing the interests of the class throughout this litigation; (2) the named plaintiffs do not have interests that are antagonistic to the interests of the class because all allege harm by defendants' conduct and all will benefit from the relief requested in the action.

7. As required by Rule 23(b)(2), "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Defendants have in their acts and omissions acted on grounds generally applicable to the class.

8. Nothing contained herein shall be deemed to constitute an admission by the defendants that any of their alleged actions or omissions violated plaintiffs' rights under any federal or State law. Nothing contained herein shall be considered a binding agreement on the part of the defendants in any action unrelated to the instant proceeding.

9. Attorneys from The Legal Aid Society and White & Case LLP are designated as class counsel pursuant to Rule 23 (g).

10. Nothing contained herein shall be deemed to constitute a waiver by the parties of any right they may have to seek the modification, alteration, or de-certification of the plaintiff class, pursuant to Rule 23(c)(1) and 23(d), as facts subsequently obtained may warrant.

Dated: New York, New York
September 19, 2016

By: *Kenneth Stephens*
KENNETH STEPHENS
JUDITH GOLDINER
JOSHUA GOLDFEIN
BETH HOFMEISTER
KATHRYN KLIFF

THE LEGAL AID SOCIETY
199 Water Street, 3d Floor
New York, New York 10038
Telephone (212) 577-3300

*Attorneys for Plaintiffs*

By: *Paul B. Carberry*
PAUL B. CARBERRY
EVELYN A. FANNERON
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
Tel. +1 (212) 819-8200
Fax +1 (212) 354-8113

*Attorneys for Plaintiffs*

So ordered
*[signature]* / USDJ
10-20-16

ZACHARY W. CARTER
Corporation Counsel
City of New York Law Department
100 Church Street
New York, New York 10007

By: /s/ Jam M.
JAMES DERVIN
ASSISTANT CORPORATION COUNSEL

*Attorney for Defendants*

So Ordered this _____ day of September

Hon. Robert W. Sweet
United States District Judge