UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

SANDRA BUTLER; RICKY GIBSON; O'BRIEN
MORRIS; RICHARD EMMETT; ROSELLE DIAZ;
KEVIN FAISON; SHANIQUA JACKSON; CENTER
FOR INDEPENDENCE OF THE DISABLED, NEW
YORK AND COALITION FOR THE HOMELESS,

                                                 Plaintiffs, for
themselves and on behalf of all others similarly situated,

-against-

CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES and
STEVEN BANKS, as Commissioner of the New York
City Department of Homeless Services,

                                                 Defendants.

------------------------------------------------------------------- x

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL OF INDIVIDUAL DAMAGE CLAIMS**

15-CV-3783 (RWS)



       **WHEREAS** Plaintiffs Sandra Butler and Ricky Gibson commenced this action against the City of New York and the prior Commissioner of the Department of Homeless Services, Gilbert Taylor (herein "City Defendants") by filing a complaint on or about May 15, 2015 alleging, *inter alia*, that the New York City Department of Homeless Services (DHS) had failed to reasonably accommodate plaintiffs' disabilities in the provision of shelter;

       **WHEREAS** on consent, the above captioned Plaintiffs filed an Amended Complaint on or about August 3, 2016, and converted the action into a class action;

       **WHEREAS** the Parties entered into a Stipulation of Settlement on or around May 15, 2017, which was "So Ordered" by the Court by Order dated November 9, 2017 (see ECF dkt. no. 67), after a fairness hearing was conducted;

**WHEREAS** the Court "So Ordered" the First Amendment to the Stipulation of Settlement, which corrected two typographical errors that were identified by the Parties (see ECF dkt. no. 70) on November 20, 2017;

**WHEREAS**, pursuant to paragraph 89(c) of the Stipulation of Settlement, the Parties agreed to reserve the damage claims for the named Plaintiffs;

**WHEREAS** the Parties now desire to resolve the issue of damage claims for the named Plaintiffs without further proceedings on terms and conditions that are just and fair to all Parties;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties, through their attorneys, as follows:

1. The claims of the named Plaintiffs in the above-referenced action are hereby dismissed against Defendants City of New York and Steven Banks as Commissioner of DHS with prejudice, and without costs, expenses, or fees, except as specified below.

2. Subject to the Court's approval, the City of New York hereby agrees to pay named Plaintiffs Sandra Butler, Ricky Gibson, O'Brien Morris, Richard Emmett, Roselle Diaz, Kevin Faison, Shaniqua Jackson, the sum total of ONE HUNDRED AND FORTY FIVE THOUSAND DOLLARS AND ZERO CENTS ($145,000.00) in full satisfaction of all claims, and/or rights of action, whether known or unknown, for compensable damages and/or injuries that were raised or could have been raised by the named Plaintiffs in this class action. The sum total above shall be paid by the City of New York as follows: THIRTY TWO THOUSAND AND FIVE HUNDRED DOLLARS AND ZERO CENTS ($32,500.00) payable by check to "Sandra Butler," THIRTY TWO THOUSAND AND FIVE HUNDRED DOLLARS AND ZERO CENTS ($32,500.00) payable by check to "Ricky Gibson," TEN THOUSAND

DOLLARS AND ZERO CENTS ($10,000.00) payable by check to "O'Brien Morris," TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000.00) payable by check to "Richard Emmett," TWENTY THOUSAND DOLLARS AND ZERO CENTS ($20,000.00) payable by check to "Roselle Diaz," TWENTY THOUSAND DOLLARS AND ZERO CENTS ($20,000.00) payable by check to "Kevin Faison," and TWENTY THOUSAND DOLLARS AND ZERO CENTS ($20,000.00) payable by check to "Shaniqua Jackson." The above payments shall be mailed to Plaintiffs' counsel, the Legal Aid Society, at 199 Water Street, New York, New York 10038 to the attention of Joshua Goldfein, Esq. No payment shall be made to Plaintiff the Center for Independence of the Disabled – New York or to Plaintiff Coalition for the Homeless.

3. In consideration for the payments described in paragraph "2" above, the named Plaintiffs agree to dismiss and discontinue, with prejudice, all claims and/or rights of action, whether known or unknown, for compensable damages and/or injuries that were raised or could have been raised in this action, and to release Defendants, their successors or assigns, and all of their present or former officials, employees, representatives, agents, or heirs from any and all liability, damage claims and/or rights of action arising from or relating to the allegations that were asserted or could have been asserted by the named Plaintiffs, whether known or unknown, except as otherwise provided in paragraph "4" below.

4. This Stipulation and Order is exclusive of attorney's fees and costs. The Parties agree to negotiate attorney's fees and costs, pursuant to paragraph "90" of the Stipulation of Settlement.

3

5. The individual named Plaintiffs shall be responsible for the payment of any federal, state, and/or local taxes, if any, on the payment he or she receives as specified in paragraph "2" above.

6. Plaintiffs will execute and deliver to Defendants' attorney all documents necessary to effectuate this settlement, including without limitation, general releases for each named Plaintiff, including the Center for Independence of the Disabled – New York, and Coalition for the Homeless, based upon the terms of paragraph "2" above; an affidavit of status of liens for each named individual Plaintiff; and substitute w-9s for each named individual Plaintiff. The payments set forth in paragraph "2" are subject to and conditioned on delivery of all such documents to Defendants' attorney.

7. Nothing contained herein shall be deemed to be an admission by any of the Defendants of any of Plaintiffs' allegations, nor an admission that any of the Defendants have in any manner or way violated any of Plaintiffs' rights or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, charters, rules, or regulations of the United States, the State of New York, the City of New York, or any other rules, regulations, or bylaws of any department or subdivision of the City or of DHS.

8. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

9. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation, proceeding, or settlement negotiation, except as necessary to enforce its terms.

10. This Stipulation and Order contains all of the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time, nor any written agreement entered into prior to the execution of this Stipulation and Order, regarding the subject matter of

this action shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

11. Facsimile or photocopied signatures on this Stipulation and Order shall have the full force and effect of originals.

Dated: New York, New York
September 27, 2018

ZACHARY W. CARTER
CORPORATION COUNSEL OF THE CITY OF NEW YORK

By: _____
Thomas B. Roberts
Carolyn E. Kruk
100 Church Street
New York, NY 10007
*Attorneys for Defendants*

THE LEGAL AID SOCIETY

By: _____
Judith Goldiner
Joshua Goldfein
Beth Hofmeister
Kathryn Kliff
199 Water Street
New York, New York 10038
*Attorneys for the Plaintiffs*

WHITE & CASE LLP

By: /S/ *Paul C. Carberry*
Paul B. Carberry
Evelyn A. Fanneron
1155 Avenue of the Americas
New York, New York 10036
*Attorneys for the Plaintiffs*

So Ordered: 10-1- , 2018

_____
Honorable Robert W. Sweet
United States District Judge

5