UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SANDRA BUTLER; RICKY GIBSON;
O'BRIEN MORRIS; RICHARD EMMETT;
ROSELLE DIAZ; KEVIN FAISON;
SHANIQUA JACKSON; CENTER FOR
INDEPENDENCE OF THE DISABLED, NEW
YORK AND COALITION FOR THE HOMELESS

                          Plaintiffs,
for themselves and on behalf of all others
                          similarly situated

                          - against –

CITY OF NEW YORK, THE NEW YORK
CITY DEPARTMENT OF HOMELESS
SERVICES and STEVEN BANKS, as
Commissioner of the New York City Department of
Homeless Services,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 1/20/2023 |

Case No. 15-CV-3783

**STIPULATION**

      **WHEREAS**, on August 3, 2016, Plaintiffs filed an amended class action complaint, alleging that Defendants violated federal, state and city law by failing to address the needs of people with disabilities in Defendants' homeless shelter program pursuant to Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973, due process claims under the United States and New York State Constitutions, the New York State and City civil rights statutes and regulations, Administrative Directive 15-ADM-06 issued by the Office of Temporary and Disability Assistance, and the New York State Social Services Law and regulations;

**WHEREAS,** Plaintiffs sought relief against the New York City Department of Homeless Services ("DHS") and New York City's Commissioner of the Department of Social Services;

**WHEREAS,** the Parties agree that Plaintiffs' proposed class meets the requirements for class certification under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure and that the action would be most appropriately litigated as a class action;

**WHEREAS,** the Parties further resolved this litigation in a Stipulation of Settlement filed by the clerk on November 13, 2017 (ECF No. 67) (the "Stipulation");

**WHEREAS,** the Stipulation had an Effective Date of December 7, 2017, and provided that the Court's jurisdiction would lapse on December 7, 2022, unless certain conditions were met;

**WHEREAS,** the Parties agree that full implementation of all the provisions of the Stipulation cannot be achieved within five years of the Effective Date and additional time is required for Defendants to meet some of their obligations under the Stipulation; and

**WHEREAS,** the Parties wish to address this situation expeditiously and without needless motion practice, and so it is in the Parties' joint interests to extend certain terms of the agreement for two years; and

**WHEREAS,** Plaintiffs' time to move for an order extending the Court's jurisdiction over the action was extended from November 7, 2022 to November 28, 2022 (ECF No. 175), from November 28, 2022 to January 6, 2023 (ECF No. 177); and then again from January 6, 2023 to January 20, 2023 (ECF No. 182); and

WHEREAS the Parties have reached an agreement regarding which terms will be extended;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** BY AND BETWEEN THE UNDERSIGNED:

1. Except for the provisions in paragraph 2, *infra*, the Stipulation shall terminate seven (7) years from the Effective Date, unless Plaintiffs' counsel moves for and is granted an extension pursuant to paragraph 78 of the Stipulation or the Parties agree otherwise, rather than the five (5) years specified in paragraph 72 of the Stipulation.

2. The Court's jurisdiction over paragraph 88 (a), (b), (c), (n), (p), and (u) of the Stipulation shall not be extended and shall terminate on January 20, 2023. The Parties agree that paragraph "88(b)" is satisfied, but Defendants agree to consider in good faith any future changes Plaintiffs suggest to the process at intake centers to identify Class Members who do not self-identify as having a disability or requiring a reasonable accommodation. Defendants' agreement in sentence two of this paragraph to consider Plaintiffs' suggested changes, does not, in any way, modify the first sentence of this paragraph.

/s/_____
Joshua Goldfein
The Legal Aid Society
TWYLA CARTER
Attorney in Chief
Adriene Holder
Attorney in Charge, Civil Practice
Judith Goldiner
Kathryn Kliff
199 Water Street
New York, NY 10038
Attorneys for Plaintiffs

/s/_____
Shlomit Aroubas
HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007
Attorney for Defendants

So Ordered this __20__ day of January, 2023

*Valerie Caproni* (signature)

Hon. Valerie E. Caproni
United States District Judge