UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- x

SANDRA BUTLER, *et al.*,

*Plaintiffs*,

-against-

CITY OF NEW YORK, *et al.*,

*Defendants*.

--------------------------------------------------------------------- x

**CONFIDENTIALITY AGREEMENT & PROTECTIVE ORDER**

No. 15 CV 3783 (VEC)

**WHEREAS**, on August 3, 2016, Plaintiffs filed an amended class action complaint, alleging that Defendants violated federal, state and city law by failing to address the needs of people with disabilities in Defendants' homeless shelter program pursuant to Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973, due process claims under the United States and New York State Constitutions, the New York State and City civil rights statutes and regulations, Administrative Directive 15-ADM-06 issued by the Office of Temporary and Disability Assistance, and the New York State Social Services Law and regulations;

**WHEREAS,** Plaintiffs sought relief against the City of New York, New York City Department of Homeless Services ("NYC DHS") and New York City's Commissioner of the Department of Social Services ("Defendants");

**WHEREAS,** the Parties have agreed that Plaintiffs' proposed class meets the requirements for class certification under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure and that the action would be most appropriately litigated as a class action;

**WHEREAS,** the Parties further resolved this litigation in a Stipulation of Settlement filed by the clerk on November 13, 2017 (ECF No. 67) (the "2017 Stipulation");

**WHEREAS,** the 2017 Stipulation had an Effective Date of December 7, 2017, and provided that the Court's jurisdiction would lapse on December 7, 2022, unless certain conditions were met;

**WHEREAS,** the Parties have agreed to extend the Court's jurisdiction over the 2017 Stipulation two times, each time working cooperatively to reach agreement, as contemplated by ¶ 78 of the 2017 Stipulation (ECF Nos. 184, 201);

**WHEREAS,** the Court's jurisdiction over the 2017 Stipulation will expire on December 7, 2026;

**WHEREAS,** the Parties are currently meeting and conferring regarding which provisions of the 2017 Stipulation will remain in effect pursuant to ¶ 78 of the 2017 Stipulation, including, among other things, the extent of Defendants' compliance with ¶ 50 of the 2017 Stipulation, pertaining to Defendants' obligation to conduct a Population Analysis;

**WHEREAS,** in order to assist with matters pertaining to the Population Analysis, Plaintiffs have retained an expert consultant, the consulting firm Stout ("Plaintiffs' Expert");

**WHEREAS,** the Parties agree, pursuant to the Parties' current discussions regarding the extension of the 2017 Stipulation, Defendants may disclose highly sensitive confidential administrative level data, that requires protection with Plaintiffs' Expert for purposes limited to its analysis, and that information will not be disclosed publicly or to Plaintiffs in a manner that would allow for the identification of particular individuals; and

**WHEREAS,** the Parties have reached an agreement regarding the sharing of this data;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties, through their undersigned counsel, and by Plaintiffs' Expert, as follows:

1. Pursuant to the Parties' negotiations concerning the extension of the 2017 Stipulation, Defendants, in disclosing certain administrative information and data, comprising individual client and case level extractions, hereby designate that information as **"Highly Confidential."**

2. Related materials disclosed to facilitate analysis of this Highly Confidential information that do not include client and case level extractions, such as, for example, queries, analysis coding, and data dictionaries, are hereby designated as **"Confidential".**

3. Information designated **Highly Confidential** shall be viewable in full only by Plaintiffs' Expert. Such information will not be disclosed publicly or to any individual (including Plaintiffs and their counsel) other than Plaintiffs' Expert, unless sufficient precautions are taken in order to ensure that no particular individuals may be identified by the documents or data, including, *i.e.*, redacting and/or anonymizing all names or other identifying information that could identify or locate a person.

4. Information designated **Confidential** shall be viewable in full only by Plaintiffs' Expert, Plaintiffs and their counsel.

5. **Highly Confidential** information must be transmitted, maintained and stored in a secure manner consistent with citywide cybersecurity and privacy protection requirements. Specifically, the data must be encrypted whenever in transit or at rest, must be maintained on servers based within the United States, and Artificial Intelligence tools cannot be utilized for analysis of the data. The information may only be disclosed, used and accessed for the

purpose of the Population Analysis by authorized individuals in their official capacities and no data may be used, accessed or disclosed for any purpose outside this action.

6. Any employee of Plaintiffs' Expert to whom Highly Confidential information will be provided must first be advised of the terms of this Order and shall be required to execute a written acknowledgement, stating that such person has read the Order and agrees to be bound by it.

7. In the event that the Plaintiffs' Expert becomes aware of any use, access or disclosure of **Highly Confidential** or **Confidential** information, by its employees, that is not authorized pursuant to this Confidentiality Agreement & Protective Order, the Plaintiffs' Expert shall promptly notify the Defendants in writing regarding the circumstances of such use, access and/or disclosure.

8. Within sixty (60) days upon the completion of the Plaintiffs' Expert's Population Analysis report, the Plaintiffs' Expert shall either destroy or return to the Defendants all **Highly Confidential** information in their possession or in the possession of any person with authorized access to the data.

9. This Agreement pertains only to the information disclosed pursuant to the Parties' present discussions regarding the extension of the 2017 Stipulation, from October 2, 2026, through any further extension of the Stipulation agreed to by the parties; however, all information designated **Highly Confidential** and **Confidential** pursuant to this Agreement shall remain as such following the entry of an amended Stipulation.

10. This Confidentiality Agreement & Protective Order shall be effective upon its endorsement by the Court, and any alleged violations of this Confidentiality Agreement & Protective Order may be remedied through an appropriate application to the Court.

11. This document may be executed in subparts, and, whether or not it is executed in subparts, a signature received by facsimile or electronic mail shall have the same force and effect as an original signature.

Dated: November 2, 2026
New York, New York

**THE LEGAL AID SOCIETY**

Attorney for the Plaintiffs
Twyla Carter
*Attorney in Chief*
Adriene Holder
*Attorney in Charge, Civil Practice*
Judith Goldiner
Josh Goldfein
Madeleine Reichman
49 Thomas Street, 5th Floor
New York, NY 10013
t: (212) 557-3300
e: JGoldfein@legal-aid.org

By: */s/ Kathryn Kliff*
KATHRYN KLIFF, Esq.

**STEVEN BANKS**
*Corporation Counsel of the City of New York*
Attorney for the Defendants
100 Church Street
New York, NY 10007
t: (212) 356-2649
f: (212) 356-1148
e: dthayer@law.nyc.gov

By: */s/ David S. Thayer*
DAVID S. THAYER, Esq.
*Assistant Corporation Counsel*

**STOUT RISIUS ROSS, LLC**

120 West 45th St., Suite 2900
New York, NY 10036
t: 646.807.4229
e: nsteinkamp@stout.com

By: ______________________
NEIL STEINKAMP
*Managing Director*

It is **SO ORDERED** this 4th day of November, 2026.

______________________
VALERIE E. CAPRONI
United States District Judge